OPINION
{¶ 1} Defendant-appellant, Sandra J. Anderson, appeals the judgment entry of the Lake County Court of Common Pleas accepting her plea of guilty by way of North Carolina v. Alford (1970),400 U.S. 25, to one count of Deception to Obtain a Dangerous Drug, a felony of the fifth degree in violation of R.C. 2925.22. For the following reasons, we affirm the judgment of the court below.
 {¶ 2} Anderson was indicted in December 2004 on five counts of Deception to Obtain a Dangerous Drug, four counts being fifth degree felonies and one count being a fourth degree felony.
 {¶ 3} On August 9, 2005, Anderson entered a plea of guilty by way of Alford to one count of fifth-degree Deception to Obtain a Dangerous Drug and was sentenced to serve a six month term of imprisonment. Pursuant to a plea agreement, the court entered a nolle prosequi for the remaining counts of the indictment.
 {¶ 4} Anderson timely appeals and raises the following assignment of error: "The trial court erred by accepting appellant's Alford plea without first determining whether appellant understood the effect of the plea."
 {¶ 5} Anderson claims that her plea was not knowingly, intelligently, and voluntarily made because the trial court failed to advise Anderson regarding "the effect of entering a guilty plea pursuant to Alford as being a complete admission of guilt."
 {¶ 6} The Ohio Rules of Criminal Procedure provide that a trial court "shall not accept a plea of guilty * * * without first addressing the defendant personally and * * * [d]etermining that the defendant is making the plea voluntarily * * * [and] [i]nforming the defendant of and determining that the defendant understands the effect of the plea of guilty * * *." Crim.R. 11(C)(2)(a) and (b). With respect to the requirements of Crim.R. (C)(2), a reviewing court must determine whether there was substantial compliance. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106, 108, citingState v. Stewart (1977), 51 Ohio St.2d 86, 92.
 {¶ 7} The Ohio Supreme Court has stated that, "[w]hen a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution."State v. Engle, 74 Ohio St.3d 525, 527, 1996-Ohio-179
(citations omitted). "[A] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made." Nero,56 Ohio St.3d at 108, citing Stewart, 51 Ohio St.2d at 93, and Crim.R. 52(A).
 {¶ 8} An Alford plea is a plea "whereby the defendant pleads guilty yet maintains actual innocence of the charges."State v. Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415, at ¶ 13. "Although an Alford plea allows the defendant to maintain his factual innocence, the plea has the same legal effect as a plea of `guilty,' and upon acceptance by the trial court, the defendant stands convicted as though he had been found guilty by a trier of fact." State v. Hughes, 12th Dist. No. CA2002-11-124, 2003-Ohio-3449, at ¶ 9; State v. Sterling, 11th Dist. No. 2003-A-0135, 2005-Ohio-6081, at ¶ 2 ("[i]t is well settled in Ohio that an Alford plea is procedurally indistinguishable from a traditional guilty plea, and is merely a `species' of a guilty plea") (citations omitted). Cf. UnitedStates v. Tunning (C.A.6 1995), 69 F.3d 107, 111 ("[a]nAlford-type guilty plea is a guilty plea in all material respects"). Before accepting an Alford plea, "[t]he trial judge must ascertain that notwithstanding the defendant's protestations of innocence, he has made a rational calculation that it is in his best interest to accept the plea bargain offered by the prosecutor." State v. Padgett (1990), 67 Ohio App.3d 332, 338, citing Alford, 400 U.S. at 38 n. 10.
 {¶ 9} In the context of an Alford plea, the Ohio Supreme Court has held: "Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made."State v. Piacella (1971), 27 Ohio St.2d 92, at syllabus.
 {¶ 10} Anderson relies upon the syllabus of the Ohio Supreme Court's decision in Griggs, which states that "[a] defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt." 2004-Ohio-4415, at syllabus. Anderson argues that, since she asserted her actual innocence by way of an Alford plea, she is not presumed to understand that she has completely admitted her guilt. The trial court, Anderson maintains, failed to explain to her that, despite entering an Alford plea, she was completely admitting her guilt. We disagree.
 {¶ 11} The transcript of Anderson's change of plea hearing demonstrates that her plea was made voluntarily, intelligently, and with full awareness of the implications of her plea.
 {¶ 12} In the following colloquy, the trial court queried Anderson regarding the reasons for her change of plea and ascertained that the decision to change her plea was a rational calculation made in her best interest:
 {¶ 13} "Anderson: I believe I am just pleading guilty to one count on a no contest by way of Alford to avoid getting the lot more [sic] charges on my record, right?
 {¶ 14} "The Court: So, you are pleading by way of Alford to avoid the risk of the more serious penalties should you be convicted on all five counts in the indictment? Is that why you are doing it that way?
 {¶ 15} "Anderson: Yes.
 {¶ 16} * * *
 {¶ 17} "Anderson: I'm aware this is the best thing to do under the circumstances. I don't believe everything that's happened is right, but it's the best thing I can do."
 {¶ 18} The trial court also established the factual basis for the charges:
 {¶ 19} "Prosecutor: Your honor, had the State proceeded to trial, the State would have brought forth evidence indicating that the Defendant * * * was treating with two doctors, Dr. Demangone and Dr. Chauhan. As a result of the treatment plan for pain management she had signed a pain management agreement which prohibited her from seeking prescriptions for medications from another doctor without reporting it to her doctor. * * * [D]uring the months of April, May, and June she received Soma from both doctors without reporting to the other, and ultimately the pharmacies that were filing those prescriptions became aware of that situation and alerted the Lake County Narcotics Agency and informed them. * * *
 {¶ 20} "The Court: Ms. Anderson, you heard what the evidence would have shown had the case proceeded to trial * * *?
 {¶ 21} "Anderson: Yes.
 {¶ 22} "The Court: You were taking Soma prescribed by two different doctors? I am going to ask you with respect to the truth of the facts set forth, are the facts and circumstances as outlined by the Prosecutor accurate and true.
 {¶ 23} "Anderson: Yes, they were. The one was keeping me on a regular amount and the other doctor had put me on different medicine and two tablets, Soma I was taking, too.
 {¶ 24} "The Court: You were obtaining a prescription for Soma from two different doctors without truthfully sharing that you were already being prescribed Soma by the other?
 {¶ 25} "Anderson: Yes.
 {¶ 26} * * *
 {¶ 27} "The Court: You are admitting the truth of those facts, then, pursuant to Alford, that's what happened and those are the circumstances that occurred?
 {¶ 28} "Anderson: Yes, sir.
 {¶ 29} "The Court: Do you understand if I accept the truth of the facts and find that those constitute the criminal offense, I will find you guilty of the crime; do you understand that?
 {¶ 30} "Anderson: Yes."
 {¶ 31} Significantly, Anderson not only admitted the factual basis of the charges but acknowledged that these facts constituted a criminal offense and, by admitting them, that she would be found guilty of the crime. Thus, we find Anderson understood she was completely admitting her guilt by entering anAlford plea. The trial court substantially complied with Crim.R. 11(C)(2). Anderson's sole assignment of error is without merit.
 {¶ 32} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, accepting Anderson's plea guilty by way of Alford, is affirmed.
Ford, P.J., Rice, J., concur.