OPINION
{¶ 1} Appellant, Michael L. Johnson, appeals the judgment of the Lake Count Court of Common Pleas accepting his guilty plea by way ofNorth Carolina v. Alford (1970), 400 U.S. 25, to one count of Attempted Felonious Assault, a felony of the third degree, in violation of R.C.2923.02. For the following reasons, we affirm the judgment of the court below.
 {¶ 2} Appellant was indicted by the Lake County Grand Jury on April 26, 2005, on two counts; count one, Felonious Assault, a felony of the second degree, in violation *Page 2 
of R.C. 2903.11(A)(2), and count two, Having Weapons While Under Disability, a felony of the third degree, in violation of R.C.2923.13(A)(3).
 {¶ 3} On May 19, 2005, by way of Alford, appellant entered into a written plea of guilty to a lesser charge of count one, Attempted Felonious Assault, a felony of the third degree, in violation of R.C.2923.02. The trial court entered a nolle prosequi on the remaining count of the indictment.
 {¶ 4} Appellant was sentenced on June 21, 2005, to one-hundred days in the Lake County Jail, with fifty-three days credit for time served. In addition, the trial court sentenced appellant to community control sanctions. It ordered appellant to enter and successfully complete the Lake County Jail Treatment Program during the last thirty days of his jail sentence. Further, he was to enter, participate in, and successfully complete the Northeast Ohio Community Alternative Program ("NEOCAP"), and follow all aftercare recommendations. Appellant was informed at the sentencing hearing that if he violated any part of his sentence, it would lead to a more restrictive sanction, a longer sanction, or a prison term of three years.
 {¶ 5} It is from the judgment accepting his plea agreement that appellant appeals, raising the following assignment of error:
 {¶ 6} "The trial court erred when it accepted a guilty plea by appellant without clearly explaining the effects of entering the guilty plea."
 {¶ 7} Appellant claims that the trial court erred by accepting his guilty plea by way of Alford, without determining whether he understood the effect of the plea. Specifically, he contends that the trial court erred by not informing him that a guilty plea *Page 3 
made pursuant to Alford is a complete admission of guilt. For the reasons that follow, we disagree.
 {¶ 8} Crim.R. 11(C) was adopted in order to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review. State v. Nero (1990), 56 Ohio St.3d 106,107. It requires the trial judge to personally inform the defendant of the constitutional guarantees he waives by entering a guilty plea. Id. Furthermore, Crim.R. 11(C) mandates that the trial judge tell the defendant of other matters as set forth in the rule before accepting a guilty plea.
 {¶ 9} Crim.R. 11(C)(2) addresses the requirements for guilty pleas and provides: "[i]n felony cases the court may refuse to accept a plea of guilty * * * and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
 {¶ 10} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *
 {¶ 11} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *
 {¶ 12} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." *Page 4 
 {¶ 13} "The information that a guilty plea is a complete admission of guilt, along with the other information required by Crim.R. 11, ensures that defendants enter pleas with knowledge of rights that they would forego and creates a record by which appellate courts can determine whether pleas are entered voluntarily." State v. Griggs,103 Ohio St.3d 85, 2004-Ohio-4415, at ¶ 11.
 {¶ 14} "The right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and therefore is subject to review under a standard of substantial compliance." Id. at ¶ 12, citingNero, 56 Ohio St.3d at 107. "Under the substantial-compliance standard, we review the totality of circumstances surrounding [appellant's] plea and determine whether he subjectively understood that a guilty plea is a complete admission of guilt." Id.
 {¶ 15} In State v. Anderson, 11th Dist. No. 2005-L-178,2006-Ohio-5167, this court recently explained the effect of a guilty plea by way of Alford as follows:
 {¶ 16} "An Alford plea is a plea `whereby the defendant pleads guilty yet maintains actual innocence of the charges.'" Id. at ¶ 8, citingGriggs, 2004-Ohio-4415, at ¶ 13. "Although an Alford plea allows the defendant to maintain his factual innocence, the plea has the same legal effect as a plea of `guilty,' and upon acceptance by the trial court, the defendant stands convicted as though he had been found guilty by a trier of fact." Id. (citations omitted). "Before accepting anAlford plea, `[t]he trial judge must ascertain that notwithstanding the defendant's protestations of innocence, he has made a rational calculation that it is in his best interest to accept the plea bargain offered by the prosecutor.'" Id. (citations omitted). *Page 5 
 {¶ 17} "In the context of an Alford plea, the Ohio Supreme Court has held: `Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made.'" Id. at ¶ 9, citing State v. Piacella (1971), 27 Ohio St.2d 92, at syllabus.
 {¶ 18} In the case sub judice, appellant relies upon the Ohio Supreme Court's decision in Griggs, which held that, "[a] defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt." 2004-Ohio-4415, at syllabus. Appellant argues that since he asserted his actual innocence by way of an Alford plea, he is not presumed to understand that he has completely admitted his guilt. The trial court, appellant maintains, failed to explain to him that, despite entering anAlford plea, he was completely admitting his guilt. We disagree.
 {¶ 19} The record reflects that the trial judge complied with Crim.R. 11(C). First, the trial judge inquired as to whether appellant was coerced or threatened into pleading guilty. Appellant assured him that he was not. The judge then made sure that appellant was not promised anything in exchange for his plea or promised any specific sentence. Appellant informed the judge that the only thing that was promised him was that the other charge in the indictment would be dropped. Next, the trial judge asked appellant if *Page 6 
he understood English, and whether he could read and write. Appellant informed him that he completed the tenth grade and that he could read and write in English. After questioning, appellant also told the trial judge that he had not had any drugs or alcohol within the previous twenty-four hours of the change of plea hearing.
 {¶ 20} The trial court then went on to read the charges in the indictment to appellant and asked appellant whether or not he understood those charges. Appellant answered that he did. The judge also inquired as to whether appellant understood the maximum sentence that he could receive, as well as the fact that he could be placed on probation, community control sanctions, and/or post-release control. Appellant indicated that he understood. Appellant was also read his constitutional rights, asked whether he understood those rights, and whether he understood that by pleading guilty, he was waiving them. He assured the judge that he understood.
 {¶ 21} After ensuring that appellant understood the charges against him, as well the rights he was waiving, the following colloquy took place between the trial court judge and appellant:
 {¶ 22} "The Court: Very Well, Mr. Johnson, what is your plea to the charge of felonious attempted assault, a felony of the third degree for Count 1?
 {¶ 23} "[Johnson]: Guilty.
 {¶ 24} "The Court: Tell me what happened regarding this attempted felonious assault or attempted assault?
 {¶ 25} "[Johnson]: I was firing the gun off in my house but my daughter really wasn't in the house when it happened, I have proof of that but I mean it doesn't matter *Page 7 
I'm just going to go with what the Court, what I just told the Court. My daughter wasn't even in the residence when it happened and I have proof of that.
 {¶ 26} "The Court: Well, what you're telling me apparently, Mr. Johnson, is that you're not guilty of this offense.
 {¶ 27} "[Johnson]: I'm not really guilty but I guess I'm just going to go with what I told you so I plead under Alford, isn't that what that means?
 {¶ 28} "The Court: What Alford means is that you have a right to plead guilty to a charge that you feel that you did not commit, however the problem with that is that when we get to the sentencing phase of the case we're not going to argue about whether you did or you didn't or you intended to or didn't intend to, whether you committed the crime or not the Court is going to assume that you pleaded guilty because you are guilty and treat you accordingly; do you understand that?
 {¶ 29} "[Johnson]: Yes, I do."
 {¶ 30} After appellant informed the judge that he was entering a guilty plea, the prosecutor established the factual basis for the charges. Appellant then informed the court that he had read and understood his written plea of guilty, and that he was waiving all rights that the court informed him about and that were listed in the plea. Appellant then signed the plea in front of the trial judge. Subsequent to this, the trial court accepted appellant's oral and written plea of guilty.
 {¶ 31} Appellant argues that the trial court only confused appellant "with a strange explanation of what, in essence, an `Alford plea' does." We disagree. The trial court asked appellant if he understood that by pleading guilty by way of Alford, that the court would "assume that [he] pleaded guilty because [he] was guilty and treat [him] *Page 8 
accordingly." Appellant, whose counsel was present throughout the hearing, indicated that he understood.
 {¶ 32} After reviewing the totality of the circumstances surrounding appellant's plea, it is apparent that appellant was fully aware of the effect of his guilty plea. Accordingly, his sole assignment of error is without merit.
 {¶ 33} The judgment of the Lake County Court of Common Pleas is affirmed.
 CYNTHIA WESTCOTT RICE, J., COLLEEN MARY OTOOLE, J., concur. *Page 1