[Cite as *State v. Kennedy*, 2013-Ohio-4553.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

ASHTABULA COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO.  2013-A-0002 |
| JAMES S. KENNEDY, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2011 CR 243.

Judgment:  Affirmed.


*Thomas L. Sartini,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Michael J. Goldberg* and *Scott M. Kuboff,* The Goldberg Law Firm, LLC, 323 Lakeside Avenue, Suite 450, Cleveland, OH  44113 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1}  Appellant, James S. Kennedy, appeals from the judgment of the Ashtabula County Court of Common Pleas, convicting him of attempted aggravated murder and a firearm specification, after accepting his plea of guilty by way of *Carolina v. Alford*, 400 U.S. 25 (1970).  At issue is whether the trial court followed the proper procedure in accepting the plea.  For the reasons that follow, we affirm.

{¶2} On July 7, 2011, appellant was indicted on one count of attempted aggravated murder with a firearm specification, in violation of R.C. 2929.02, a felony of the first degree; one count of attempted murder with a firearm specification, in violation of R.C. 2923.02, a felony of the first degree; one count of felonious assault with a firearm specification, in violation of R.C. 2903.11(A)(1), a felony of the second degree; and one count of felonious assault with a firearm specification, in violation of R.C. 2903.11(A)(2), a felony of the second degree. Appellant entered a plea of not guilty to the charges.

{¶3} On the day of trial, appellant withdrew his not-guilty plea and entered a plea of guilty pursuant to *Alford*, *supra*, to the charges in the indictment. In consideration of the plea, the state recommended a three-year prison term for the attempted aggravated murder charge and a three-year mandatory term for the firearm specification for an aggregate term of six years. As such, the state recommended any other non-merged term to be served concurrently.

{¶4} At the plea hearing, the state set forth the factual basis which, it alleged, was sufficient to prove, beyond a reasonable doubt, appellant would be convicted by a jury on all counts. After engaging in a full Crim.R. 11 colloquy, the trial court accepted appellant's plea, ordered a pre-sentence investigation, and set the matter for sentencing.

{¶5} After a hearing, the trial court sentenced appellant to a five-year term of imprisonment for aggravated attempted murder and a three-year term for the firearm specification. Appellant was sentenced to three years for each count of felonious

2

assault and was ordered to serve these sentences concurrently with the sentences for the other charges.  This appeal followed.

{¶6}   Appellant's first assignment of error provides:

{¶7}   "The trial court failed to comply with Crim.R. 11 in the acceptance of appellant's *Alford* pleas as there was no meaningful dialogue concerning his motivation nor was there a sufficient factual basis presented to support whether his choice was intelligent and a product of his rational calculation."

{¶8}   Under his first assignment of error, appellant contends the trial court failed to comply with Crim.R. 11 when the record failed to demonstrate a meaningful dialogue transpired concerning appellant's motivation to enter his *Alford* pleas.  Hence, appellant maintains there was an insufficient factual basis that the *Alford* pleas were an intelligent and rational response to the state of the evidence in the case.

{¶9}   A plea entered pursuant to *Alford* is a plea that permits a defendant to plead legal guilt, yet maintain his or her factual innocence. *State v. Anderson*, 11th Dist. Lake No. 2005-L-178, 2006-Ohio-5167, ¶8. Before accepting an *Alford* plea, "[t]he trial judge must ascertain that notwithstanding the defendant's protestations of innocence, he has made a rational calculation that it is in his best interest to accept the plea bargain offered by the prosecutor." *State v. Padgett*, 67 Ohio App.3d 332, 338 (2d Dist.1990) citing *Alford, supra*, at 38, fn. 10; *see also Anderson, supra,* at ¶8.

{¶10}  In the context of an *Alford* plea, the Ohio Supreme Court has held:

{¶11}  Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice

3

was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made. *State v. Piacella*, 27 Ohio St.2d 92 (1971) at syllabus.

{¶12} In this case, appellant stated on record that his decision to enter the plea was not the result of any threats or force. He further indicated he was aware of the nature of the plea and understood the implications of entering an *Alford* plea. Also counsel was present at the time of the plea. And, given the significant charges appellant was facing, the negotiated plea that was recommended to appellant indicates counsel's advice was certainly competent under the circumstances. Furthermore, the court explained, in great detail, the charges appellant was facing, including what the state was specifically required to prove if the case went to trial. And appellant stated on record he understood each of the charges as well as the potential penalties associated with them if he were convicted.

{¶13} Finally, contrary to appellant's assertions, the record contains evidence of appellant's motivation for entering his *Alford* plea. In particular, the discussion the court had with appellant on record indicates he was motivated by both a desire to seek a lesser penalty and the fear of the consequences of a jury trial. First of all, appellant's counsel stated on record that the six-year sentence recommended by the state was a

4

joint recommendation to which appellant had agreed. Moreover, after explaining the nature and effect of appellant's *Alford* plea, the court stated:

{¶14} [I]f you're found guilty of every one of these charges, as you should know – and I will talk about this in a few minutes – there are some very serious penalties and, of course, much greater than what the State is willing to even recommend for a sentence in this case.

{¶15} There's some other considerations that your lawyer had mentioned in chambers that you perhaps could be eligible for, such as judicial release, that might be more difficult for you to obtain if you were convicted after trial, so I can see there are reasons that you might be willing to enter this *Alford* plea. I guess the other thing that I might as well mention – I don't think that's come up yet – but your attorney has also mentioned the possibility of perhaps civil liability. That is a concern in this case and I can understand that it might be * * *.

{¶16} Although the court did not directly ask appellant to articulate why he wished to plea by way of *Alford*, the record demonstrates defense counsel disclosed appellant's motivations for entering the plea personally to the judge. *See State v. Byrd*, 4th Dist. Athens No. 07CA29, 2008-Ohio-3909, ¶19 (where a trial court did not specifically ask a defendant why he was entering the plea, the appellate court still concluded there was sufficient evidence to show a defendant was motivated to enter *Alford* plea because defense attorney conveyed the defendant's reasons and the rationale was sufficient to demonstrate appellant had a basis to fear the result of a jury

5

trial.)  And, although the trial court did not orally confirm whether appellant was actually motivated by what counsel disclosed, neither appellant nor his attorney objected to the court's statements regarding the motivations that were apparently discussed with the judge prior to the hearing.  And, after the trial court engaged in a full Crim.R. 11 colloquy and the factual basis for the charges was set forth by the prosecutor, appellant specifically stated he wished to enter "[t]he Alford plea."

{¶17}  Given the foregoing, we hold the trial court sufficiently inquired into whether appellant rationally calculated his decision to plead guilty pursuant to *Alford.* Furthermore, the record demonstrates appellant was motivated to enter the plea to seek a lesser penalty as well as to avoid potential civil liability that could eventuate from either going to trial or entering a general plea of guilty.  Finally, statements of counsel on record, coupled with the trial court's lengthy and thorough colloquy with appellant, established an adequate factual basis showing the *Alford* plea appellant entered was a rational response to the state's evidence. *See e.g. State v. Al-Jumailee*, 11th Dist. Portage No. 2006-P-0037, 2007-Ohio-2061, ¶27-28.

{¶18}  Appellant's first assignment of error lacks merit.

{¶19}  Appellant's second assignment of error provides:

{¶20}  "Appellant did not enter any plea prescribed by Crim.R. 11. Therefore the trial court could not impose a sentence."

{¶21}  Appellant asserts the trial court erred in imposing sentence because appellant did not enter his plea orally on record.  We do not agree.

{¶22}  R.C. 2943.04 provides: "Pleas of guilty or not guilty *may* be oral." Similarly, Crim.R. 11(A) provides, in relevant part:  "A defendant may plead not guilty,

6

not guilty by reason of insanity, guilty or, with the consent of the court, no contest. A plea of not guilty by reason of insanity shall be made in writing by either the defendant or the defendant's attorney. All other pleas *may* be made orally." (Emphasis added.) Given the permissive language of the foregoing, it would appear that, while a guilty plea *may* be entered orally, it also, by implication, *may* be entered in writing. *See State v. Suttles*, 2d Dist. Montgomery No. 23030, 2010-Ohio-846, ¶11 (noting that "[t]he fact that a simple guilty plea *may* be made orally implies that it also *may* be made in writing, and we see no reason why it cannot").

{¶23} In this case, appellant entered a written plea of guilty pursuant to *Alford* before the plea hearing. Appellant represented on record that he knowingly and voluntarily signed his plea of guilty and understood his actions in doing so. And there is no confusion that the hearing took place for the court to engage appellant in a Crim.R. 11 colloquy and advise appellant of the rights he would be waiving by entering the plea and to provide appellant with other information necessary for entering a knowing, intelligent, and voluntary plea by way of *Alford.* In other words, there was neither any confusion regarding why the parties convened nor any question about the nature of the proceedings occurring before the court. Under the circumstances, therefore, appellant's written plea would be sufficient to meet the demands of law regarding the entry of a plea of guilty. *See Suttles*, *supra.* This conclusion, unto itself, is sufficient to undermine appellant's position.

{¶24} In the interest of a comprehensive analysis, however, we also underscore that the record also discloses sufficient evidence that appellant entered a functional oral plea of guilty via *Alford* during the hearing. At the hearing, the trial court inquired

7

whether appellant read, understood, and signed the written plea of guilty. Appellant responded that he did and his attorney confirmed appellant's statement.

{¶25} In *State v. Thompson*, 10th Dist. Franklin No. 96APA12-1679, 1997 Ohio App. LEXIS 4354, the Tenth District concluded that a defendant's legal acknowledgement that he knowingly and voluntarily signed a written plea agreement on record is tantamount to orally entering a plea. *Id.* at *3-*4.[1] Following *Thompson*, appellant's affirmation stands as the equivalent of an oral plea of guilty.

{¶26} Moreover, During the plea colloquy, the following exchange occurred between the court and appellant:

{¶27} THE COURT: Okay. Now, the plea in this case is being made pursuant to a United States Supreme Court case called *North Carolina versus Alford*. What that means is that you're not admitting that you committed the offense; however, it's a guilty plea and if I accept this plea, then I could impose all the same penalties as if you did admit you committed the offenses. Do you understand that?

{¶28} [Appellant]: Yes, sir.

{¶29} Later, the court clarified that appellant desired to enter the guilty plea pursuant to *Alford*. To wit:

---

1. Appellant acknowledges *Suttles*, *supra*, and *Thompson*, *supra*, but argues they are "distinguishable on significant grounds." To wit, in *Suttles*, the defendant signed the plea of guilty form while on record and in the presence of the trial judge. Here, however, appellant signed the document prior to the plea hearing. And, in *Thompson*, the trial court read the written plea of guilty into the record after which the defendant acknowledged signing the same. The trial court took no such action in this case. Although these are differences, we find them subtle and not significant. Appellant entered a written plea of guilty that he acknowledged executing with full understanding of its implications. These representations were in open court and in response to the judge's inquiries.

8

**{¶30}** THE COURT: Now with the understanding that this plea is being tendered under this Supreme Court case known as *North Carolina versus Alford*, what plea do you personally wish to make at this time?

**{¶31}** [Appellant]: The Alford plea.

**{¶32}** THE COURT: All right. And you understand that I treat that as a guilty plea and that I can impose all the penalties that I have talked about?

**{¶33}** [Appellant]: Yes sir.

**{¶34}** These points, in addition to appellant's acknowledgement, before the judge, that he had voluntarily signed the plea of guilty with full understanding of its implications are sufficient to demonstrate appellant entered an oral plea of guilty by way of *Alford* at the hearing. We therefore hold the trial court did not err in sentencing appellant as the record reflects appellant entered both a written and an oral plea of guilty pursuant to *Alford*.

**{¶35}** Appellant's second assignment of error is without merit.

**{¶36}** For the reasons discussed in this opinion, the judgment of the Ashtabula County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

9

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶37} I respectfully dissent.

{¶38} In affirming the judgment of the trial court, the majority contends that the court sufficiently inquired into whether appellant rationally calculated his decision to plead guilty pursuant to *Alford*, and thus, did not err in sentencing him accordingly. I disagree.

{¶39} Preliminarily, this writer notes that the trial judge, in light of the ever more complicated colloquy requirements under Crim.R. 11, performed a textbook inquiry regarding the standard recitations. However, this matter involves an *Alford* plea which presents the trial court with another more in-depth level of inquiry regarding appellant's assertion of innocence.

{¶40} "'An *Alford* plea is a plea "whereby the defendant pleads guilty yet maintains actual innocence of the charges."' [*State v. Anderson*, 11th Dist. Lake No. 2005-L-178, 2006-Ohio-5167,] ¶8, citing [*State v.*]*Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶13, * * *. 'Although an *Alford* plea allows the defendant to maintain his factual innocence, the plea has the same legal effect as a plea of "guilty," and upon acceptance by the trial court, the defendant stands convicted as though he had been found guilty by a trier of fact.' *Id*. (citations omitted). 'Before accepting an *Alford* plea, "(t)he trial judge must ascertain that notwithstanding the defendant's protestations of innocence, he has made a rational calculation that it is in his best interest to accept the plea bargain offered by the prosecutor."' *Id*. (Citations omitted). *State v. Johnson*, 11th Dist. Lake No. 2005-l-211, 2007-Ohio-781, ¶16, quoting *Anderson, supra*.

10

{¶41} This writer notes that in this case, there were no benefits conferred in the form of a reduced number or degree of charges or an agreed sentence. "'In the context of an *Alford* plea, the Ohio Supreme Court has held: "Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made."' *Id.* at ¶9, citing *State v. Piacella*, 27 Ohio St.2d 92 (1971), * * *, at syllabus." (Parallel citations omitted). *State v. Johnson*, supra, at ¶17, quoting *Anderson, supra.*

{¶42} "All guilty pleas, including *Alford* pleas, must meet the general requirement that the defendant knowingly, voluntarily, and intelligently waives his right to trial. [*State v. Padgett*, 67 Ohio App.3d 332,] 338 [(2d Dist.1990)]. Because guilty pleas accompanied by a protestation of innocence gives rise to an inherent suspicion that a knowing, voluntary, and intelligent waiver has not occurred, *Alford* pleas place a heightened duty upon the trial court to ensure that the defendant's rights are protected and that entering the plea was a rational decision on the part of the defendant. When a defendant protests his innocence, the rational calculation differs significantly than that made by a defendant who admits he is guilty; accordingly, the trial court's obligation with regard to taking an *Alford* plea is correspondingly different. *Padgett, supra.* The *Padgett* court explained the trial court's duty in taking an *Alford* plea, as follows: (* * *) The trial judge must ascertain that notwithstanding the defendant's protestations of

innocence, he has made a rational calculation that it is in his best interest to accept the plea bargain offered by the prosecutor. (* * *)

**{¶43}** "(* * *)

**{¶44}** "(* * *) This requires more than a routine litany. Where the defendant interjects protestations of innocence into the plea proceedings, and fails to recant those protestations of innocence, the trial court must determine that the defendant has made a rational calculation to plead guilty notwithstanding his belief that he is innocent. This requires, at a minimum, inquiry of the defendant concerning his reasons for deciding to plead guilty notwithstanding his protestations of innocence (* * *)(.)

**{¶45}** "(* * *) (I)f a guilty plea is to be accepted, the trial court must determine, in a meaningful way, that the defendant's decision to tender the plea is knowing and intelligent. If it becomes impossible for the trial court to satisfy itself that the defendant's decision is knowing and intelligent, the trial court has the alternative of declining to accept the plea. (* * *) *Id.* at 338-339." *State v. Kirigiti*, 10th Dist. Franklin No. 06AP-612, 2007-Ohio-6852, ¶34 (Whiteside, J., dissenting).

**{¶46}** Based on the facts presented in this case, I do not believe that appellant's plea was sufficient under *Alford*. The trial judge did not inquire as to why appellant wanted to plead guilty while asserting his innocence. Appellant has an amazing record, including military service and a bronze star. Appellant signed a plea form on October 22, 2012, and indicated on the record, "By entering a GUILTY plea by way of *Alford*, I do not contest the facts as stated in the Indictment." This admission is more than sufficient for a no contest plea. However, "I do not contest the facts" is not the same as "I am pleading because I am innocent and here is why."

12

{¶47} Thus, because the record does not reflect a knowing, voluntary, and intelligent *Alford* plea, I dissent.