[Cite as *State v. Burris*, 2013-Ohio-5108.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                  :

      Plaintiff-Appellee,             :

                                                         No. 13AP-238

v.                                             :     (C.P.C. No. 12CR-01-238)

Clay O. Burris,                                :     (REGULAR CALENDAR)

      Defendant-Appellant.            :

D E C I S I O N

Rendered on November 19, 2013

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Bay Law Office L.L.C.*, and *John A. Bay*, for appellant.

APPEAL from the Franklin County Court of Common Pleas.

SADLER, J.

{¶ 1} Defendant-appellant, Clay O. Burris, appeals from a judgment of the Franklin County Court of Common Pleas convicting him of one count of aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01, with a three-year firearm specification, in violation of R.C. 2941.145. For the reasons that follow, we affirm the judgment of the trial court.

## I. BACKGROUND

{¶ 2} Appellant was indicted for aggravated robbery, a first-degree felony, two counts of robbery, second and third-degree felonies respectively, kidnapping, a first-degree felony, and having a weapon while under disability, a third-degree felony. All but the last charge carried a firearm specification. Initially, appellant entered guilty pleas to

all charges and the case was set for jury trial. On October 1, 2012, the day the jury trial was set to begin and with a jury impaneled, appellant, pursuant to a negotiated plea agreement, withdrew his former plea of not guilty and entered a guilty plea to one count of aggravated robbery, with the accompanying firearm specification. In exchange for the plea, the prosecutor requested the trial court enter a nolle prosequi on the remaining charges in the indictment.

{¶ 3} The trial court held a plea hearing, in which it addressed the provisions required by Crim.R. 11 and accepted appellant's plea with sentencing to be imposed subsequent to the completion of a presentence investigation report ("PSI"). Approximately one month after entering his plea and prior to sentencing, appellant filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. The trial court scheduled an evidentiary hearing on appellant's motion for November 8, 2012.

{¶ 4} At the November 8, 2012 hearing, the trial court sua sponte expressed concern with appellant's statement reflected in the PSI that he "hears voices and acts out on them." (Nov. 8, 2012 Tr., 3.) The trial court also referenced a letter from the record of previous criminal cases brought against appellant which discussed appellant's mental illness. (Nov. 8, 2012 Tr., 3.) After the trial court's comments and prior to any argument from the parties, appellant requested a new competency evaluation. The trial court granted appellant's request, delayed the remainder of the hearing, and ordered a competency evaluation.

{¶ 5} At the competency and Crim.R. 32.1 hearing, the trial court heard testimony from Dr. Kara Predmore, a psychologist, who, though unable to determine appellant's competency at a time prior to her evaluation, opined that appellant suffers from a mental illness. Dr. Predmore was unable to determine retroactively whether appellant was competent to enter a guilty plea on October 1, 2012. After Dr. Predmore's testimony, the trial court heard argument on appellant's Crim.R. 32.1 motion to withdraw his guilty plea. Appellant's motion argued he was innocent of all charges. In addition, at the hearing, counsel argued appellant's wife improperly influenced appellant to plead guilty. The trial court took the issues under advisement and issued a 17-page decision, which evaluated appellant's competency to plead guilty on October 1, 2012 and appellant's motion to withdraw his guilty plea.

{¶ 6}   In denying appellant's motion to withdraw his guilty plea, the trial court evaluated both the testimony at the hearing and the arguments of the parties.  The trial court found appellant was competent on October 1, 2012 and held "this is only a 'change of heart' situation" and that appellant knowingly, voluntarily, and intelligently pleaded guilty on October 1, 2012.  (Feb. 6, 2013 Journal Entry Denying Motion to Withdraw Guilty Plea, 15.)

## II.  ASSIGNMENT OF ERROR

{¶ 7}   Appellant brings the following assignment of error for our review:

> The trial court erred, abused its discretion, and denied [appellant] due process of law by denying his presentence motion to withdraw his guilty plea.  Fifth and Fourteenth Amendments to the United States Constitution; Section 16, Article I of the Ohio Constitution; Crim.R. 32.1.

## III.  DISCUSSION

{¶ 8}   Appellant's sole assignment of error alleges the trial court abused its discretion in denying his presentence motion to withdraw his guilty plea.  We disagree.

{¶ 9}   "The general rule is that motions to withdraw guilty pleas prior to sentencing are to be freely and liberally allowed."  *State v. Kirigiti*, 10th Dist. No. 06AP-612, 2007-Ohio-6852, ¶ 5, citing *State v. Peterseim*, 68 Ohio App.2d 211, 214 (8th Dist.1980).  However, the right to withdraw a guilty plea prior to sentencing is not absolute, as "[o]ne who enters a guilty plea has no right to withdraw it."  *State v. Xie*, 62 Ohio St.3d 521, 526 (1992).  The initial burden under Crim.R. 32.1 requires that "[a] defendant attempting to withdraw his plea must articulate a reasonable and legitimate basis for permitting that withdrawal."  *State v. DeWille*, 9th Dist. No. 2101 (Nov. 4, 1992).  Before ruling on a presentence motion to withdraw a guilty plea, the trial court must hold a hearing to determine whether there is a reasonable and legitimate basis to allow the withdrawal.  *Xie* at 527.

{¶ 10} On review, " '[a]n appellate court is not permitted to perform a de novo review of the trial court's decision with respect to a withdrawal of a guilty plea.' "  *Kirigiti* at ¶ 6, quoting *State v. Van Dyke,* 9th Dist. No. 02CA008204, 2003-Ohio-4788, ¶ 7.  Instead, our standard of review requires us to consider whether the trial court abused its discretion in its decision to grant or deny the motion.  *Xie* at 527.  "It must be emphasized

that abuse of discretion connotes more than a simple error of law or judgment; it implies that the trial court's decision is unreasonable, arbitrary, or unconscionable." *Kirigiti* at ¶ 6, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

{¶ 11} This court has identified a number of factors to be used when determining whether a trial court abused its discretion in denying a motion to withdraw a guilty plea. These factors include: (1) whether the defendant was represented by highly competent counsel, (2) whether the trial court conducted a full Crim.R. 11 hearing prior to accepting the plea, (3) whether the trial court conducted a full and impartial hearing on the motion to withdraw the plea, (4) whether the trial court gave full and fair consideration to the request, (5) the prejudice, if any, that appellee would suffer if the plea is withdrawn, (6) the timeliness of the motion, (7) whether the motion sets out specific reasons for the withdrawal, (8) whether the defendant understood the nature of the charges and the possible penalties, and (9) whether the defendant is possibly not guilty or has a possible defense to the charges. *Id.* at ¶ 7. No single factor is conclusive, and a reviewing court must apply a balancing test to the factors. *State v. Zimmerman,* 10th Dist. No. 09AP-866, 2010-Ohio-4087, ¶ 13. Further, this list "is not exhaustive, and other factors will appear to trial and appellate courts depending upon the merits of each individual case." *State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995).

{¶ 12} Appellant concedes that he did receive a full Crim.R. 11 hearing, was represented by competent counsel, understood the nature of the charges against him as well as the possible penalties, and did receive a full Crim.R. 32.1 hearing. As to the remaining factors, appellant argues the greater weight of the above factors indicate the trial court abused its discretion in not allowing appellant to withdraw his guilty plea before being sentenced. In support of his position, appellant cites *State v. Cuthbertson*, 139 Ohio App.3d 895 (7th Dist.2000).

{¶ 13} In *Cuthbertson,* the defendant entered a guilty plea to a charge of murder pursuant to a plea agreement with the state. The defendant, less than one week after entering his plea and without the aide of counsel, requested to withdraw his guilty plea. At the Crim.R. 32.1 hearing, the defendant asked the court to withdraw his plea and testified his mom pressured him into pleading, and, although he believed he was innocent of all charges, after discussing the offered plea bargain with his attorney, he thought his

only choice was to accept the plea bargain and plead guilty.  The trial court denied the defendant's motion to withdraw his guilty plea and an appeal followed, in which the Seventh District reversed the trial court's denial of the defendant's motion to withdraw his guilty plea.

{¶ 14} Appellant asserts that the facts of *Cuthbertson* are similar to the case at hand and argues we should find accordingly.  Specifically, appellant asserts, as in *Cuthbertson,* he was pressured into pleading guilty, and he is innocent of the charges levied against him.

{¶ 15} We find this case distinguishable from *Cuthbertson* in several important aspects.  In *Cuthbertson*, the defendant testified at the Crim.R. 32.1 hearing that he was improperly coerced into pleading guilty by his mother, and the appeals court concluded the appellant had less than effective counsel at the hearing.  The Seventh District stated, "appellant's attorney was preoccupied with making a record to establish that he did not coerce the plea rather than attempt to assist appellant in a successful plea withdrawal." *Id.* at ¶ 19.  The defendant also testified at the hearing that he was innocent of the charges levied against him and wrote a letter to the court to withdraw his plea almost immediately after it was entered.

{¶ 16} Here, in denying appellant's motion to withdraw his guilty plea, the trial court issued a 17-page decision which considered both appellant's claim of improper influence and his assertion that he was innocent of all charges levied against him.  In considering appellant's argument that his wife improperly influenced him to plead guilty, the court noted that appellant's wife attended the trial on October 1, 2012, and the court granted her request to speak with appellant.  At no time did appellant object to speaking with her, nor was there any evidence that the relationship was an "antagonistic" one. Appellant's wife's "expressed reason for urging defendant to 'take the deal' was simply that she had a son incarcerated already, and did not want [appellant] to be tried and then to face the possibility of an extraordinarily long sentence in prison if he lost."  (Feb. 6, 2013 Journal Entry Denying Motion to Withdraw Guilty Plea, 4.)  Prior to appellant entering his guilty plea, the trial court stated "[i]n all seriousness, I don't want to have you come back tomorrow and say, 'you know, Judge, I really was getting my arm twisted' " to plead guilty.  (Feb. 6, 2013 Journal Entry Denying Motion to Withdraw Guilty Plea, 7,

quoting Oct. 1, 2012 Tr., 30.)  The court then asked appellant if he was certain he wanted to enter a guilty plea, and appellant responded "[y]es, sir."  (Oct. 1, 2012 Tr., 30.)  Based on the above evidence, the trial court concluded that appellant's wife did not exert any "improper 'pressure' that might undermine the voluntariness of [appellant's] plea." (Feb. 6, 2013 Journal Entry Denying Motion to Withdraw Guilty Plea, 4.)

{¶ 17}  Appellant also argues his case is analogous to *Cuthbertson* because, like the defendant in that case, appellant said he is innocent of all charges.  In *Cuthbertson*, the defendant gave testimony at the withdrawal hearing that he was innocent of all charges. However, a review of the record reveals, and the trial court held, that here, appellant never testified either live at the Crim.R. 32.1 hearing or via affidavit and, therefore, never created a factual record which would allow the court to consider his claim of innocence in support of his motion to withdraw his guilty plea.

{¶ 18}  In denying appellant's Crim.R. 32.1 motion, the trial court held "this is only a 'change of heart' situation" and that appellant knowingly, voluntarily, and intelligently pleaded guilty on October 1, 2012.  (Feb. 6, 2013 Journal Entry Denying Motion to Withdraw Guilty Plea, 15.)  The trial court was in the best position to consider the credibility of appellant's arguments, and the record reflects the trial court gave full consideration to the above factors and full consideration to the basis of appellant's motion to withdraw his guilty plea.  Given the record before us, the trial court did not abuse its discretion in holding appellant failed to articulate a reasonable and legitimate basis for withdrawal of his guilty plea.

{¶ 19}  Accordingly, we overrule appellant's sole assignment of error.

## IV.  CONCLUSION

{¶ 20}  Having overruled appellant's sole assignment of error, we affirm the decision of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and T. BRYANT, JJ., concur.

T. BRYANT, J., retired, formerly of the Third Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____