[Cite as *State v. McCann*, 2011-Ohio-3339.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 10CA12 |
| | : | |
| vs. | : | **Released: June 27, 2011** |
| | : | |
| FLOYD C. McCANN, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

APPEARANCES:

David Reid Dillon, South Point, Ohio, for Appellant.[1]

J.B. Collier, Jr., Lawrence County Prosecutor, and Robert C. Anderson, Lawrence County Assistant Prosecutor, Ironton, Ohio, for Appellee.

McFarland, J.:

{¶1} Appellant Floyd C. McCann appeals his conviction in the Lawrence County Court of Common Pleas after he pled guilty to one count of felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(2), with a firearm specification. On appeal, Appellant raises two assignments of error, arguing that 1) the trial court erred in accepting the *Alford* plea when there was no evidence that Appellant knowingly shot the victim; 2) Appellant was deprived of his right to effective assistance of counsel. Having reviewed the record, we find

---

[1] The Court also permitted Appellant to file an additional assignment of error pro se.

that the trial court did not abuse its discretion in accepting Appellant's *Alford* plea and we overrule Appellant's first assignment of error. We also find that Appellant waived his claim of ineffective assistance of counsel and overrule his second assignment of error. Accordingly, we affirm the judgment of the trial court.

FACTS

{¶2} On January 7, 2009, Mark Robinson ("Robinson") heard a loud noise, which he assumed was an animal being struck by a vehicle on the road in front of his home. Robinson went to locate the downed animal, but found nothing. As he turned back toward his home, Robinson was struck in the back by a .22 caliber bullet. (Appellant's Brief at 3.)

{¶3} At that same time, Appellant had been shooting his .22 caliber rifle at a box he had stationed on his front porch. (Id.) The backdrop of Appellant's target was Robinson's property. Though ballistics were inconclusive, law enforcement was able to establish the trajectory of a bullet that had traveled from Appellant's porch to the location where Robinson had been shot. (Id.) Robinson is now paralyzed from the waist down.

{¶4} Law enforcement arrested Appellant and the Lawrence County Grand Jury indicted him for felonious assault and having weapons under disability. Appellant was also serving a term of community control, which the state sought to revoke. Appellant waived his statutory speedy trial rights.

{¶5} The grand jury subsequently indicted Appellant on a single count of felonious assault, with a firearm specification. After consolidating the two indictments, Appellant filed several pre-trial motions. Eventually, Appellant waived his statutory speedy trial rights relating to the second indictment.

{¶6} In exchange for the state agreeing to dismiss the first indictment and the pending motion to revoke Appellant's community control, Appellant entered an *Alford* plea to the second indictment. Appellant stipulated to the facts within the indictment, but contested that he had knowingly shot Robinson. The trial court questioned Appellant on his motives for entering such a plea, and ultimately accepted his plea, finding him guilty of felonious assault with a firearm specification. The trial court sentenced Appellant to 10 years of incarceration, and Appellant now appeals his conviction.

ASSIGNMENTS OF ERROR

I.    THE TRIAL COURT ERRED IN ACCEPTING THE *ALFORD* PLEA WHEN THERE WAS NO EVIDENCE THAT DEFENDANT KNOWINGLY SHOT THE ALLEGED VICTIM.

II.   APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

I.

{¶7} In his first assignment of error, Appellant argues that there was no factual basis for his plea of guilty and the trial court should not have accepted his

plea.  Specifically, Appellant contends that there was no evidence that he knowingly shot Robinson.  We disagree.

**{¶8}** "[T]he decision to accept or refuse a guilty plea is within the sound discretion of the trial court."  *State v. Byrd*, 4th Dist. No. 07CA29, 2008-Ohio-3909, at ¶4, citing *State v. Bronaka*, 11th Dist. No. 2007-L-095, 2008-Ohio-1334, at ¶20, *Cleveland v. Curtis*, 8th Dist. No. 89843, 2007-Ohio-5961, at ¶6.  "As such, we will not overrule a trial court's judgment absent an abuse of discretion."  *Byrd* at ¶4.  "'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'"  (Citations omitted.)  *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.  "Under this highly deferential standard of review, we may not simply substitute our judgment for that of the trial court."  *Woody v. Woody,* 4th Dist. No. 09CA34, 2010-Ohio-6049, at ¶35, citing *In re Jane Doe I* (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181.  "Rather, we are limited to determining whether considering the totality of the circumstances, the trial court acted unreasonably, arbitrarily or unconscionably."  Woody at ¶35, citing *Briganti v. Briganti* (1984), 9 Ohio St.3d 220, 222, 459 N.E.2d 896, citing *Blakemore*, 5 Ohio St.3d at 218-220.

{¶9} In *North Carolina v. Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, the court stated: "provides a method by which a defendant is able to maintain his factual innocence yet enter a plea of guilty." *State v. Byrd*, 4th Dist. No. 07CA29, 2008-Ohio-3909, at ¶16. "'A defendant who believes himself to be innocent of the charges against him may rationally conclude that the evidence against him is so incriminating that there is a significant likelihood that a jury would find him guilty of the offense. Consequently, the defendant may rationally conclude that accepting a plea bargain is in his best interests, since he will avoid the risk of greater punishment if found guilty by a jury. When a defendant so chooses to enter this plea, it is known as an *Alford* plea of guilty.'" (Citations omitted.) *Byrd* at ¶16, quoting *State v. Banjoko,* 2nd Dist. No. 21978, 2008-Ohio-402, at ¶ 12. The Court in *Alford*, however, cautioned that lower courts should not accept a guilty plea coupled with a claim of innocence unless there is a factual basis for the plea. *Alford*, 400 U.S. at 38, at fn. 10.

{¶10} Regarding felonious assault, R.C. 2903.11(A)(2) provides that "[n]o person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance." "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). A finder of fact "may infer a defendant's mental state from the

surrounding facts and circumstances." *State v. McCutcheon*, 4th Dist. No.

04CA45, 2005-Ohio-4955, at ¶15, citing *State v. Logan* (1979), 60 Ohio St.2d 126,

131, 397 N.E.2d 1345.

{¶11} Here, the parties stipulated to the facts supporting Appellant's *Alford*

plea:

"COURT:    You understand that if you still want to plea guilty under these

circumstances, the Court will require a statement of facts to be read into the record

to insure a factual basis to accept your plea?  You aware of that?

"[DEFENSE]:      Your Honor we are with the [*Alford*] plea.  We would

accept the facts as they would appear on the indictment as to the felonious assault,

just contest the knowingly part of that.

"COURT:    Understand.  So is that the stipulation? [Defense counsel]?

"[DEFENSE]:      Yes.

"COURT:    [Prosecution]?

"[PROSECUTION]:      Yes your honor.

"COURT:    You heard your attorney Mr. McCown or Mr. McCann, are you

willing to stipulate that as well?

"MCCANN:Yes."

(Tr. at 8-9.)

{¶12} The stipulated facts were succinct, but covered all elements of the charged offense and specification:

"FLOYD C. McCANN, on or about January 7, 2009, at Lawrence County, Ohio, did knowingly cause or attempt to cause harm to Mark Robinson, by means of a deadly weapon or dangerous ordnance, as defined in Section 2923.11 of the Revised Code, to-wit: a firearm, in violation of Section 2903.11(A)(2) of the Revised Code.

"SPECIFICATION TO COUNT ONE:

"The Grand Jurors further find and specify that the said Floyd C. McCann had a firearm on or about his person or under his control while committing the offense and displayed the firearm, brandished the firearm, indicated that he possessed firearm or used it to facilitate the offense.

"Said act occurred in Lawrence County, Ohio, and is contrary to Ohio Revised Code Section 2903.11(A)(2), Felonious Assault, F2."

{¶13} Despite Appellant's contention that he did not possess the requisite mental state, the stipulated facts were sufficient for the trial court to find Appellant guilty of the charged crime and specification. The trial court was not required to find beyond a reasonable doubt that Appellant acted knowingly. The trial court was not supposed to weigh the stipulated facts against Appellant's contention that he was innocent. Rather, the trial court needed only to insure that Appellant's

*Alford* plea was supported by a factual basis, which it was. The stipulated facts formed a factual basis for Appellant's plea. Thus, Appellant's argument is without merit and the trial court's plea was not unreasonable, arbitrary, or unconscionable. Accordingly, we find that the trial court did not abuse its discretion and we overrule Appellant's first assignment of error.

## II.

{¶14} In his second assignment of error, Appellant argues that he was denied effective assistance of counsel because his trial counsel did not move to dismiss the charges against him for violating statutory speedy trial limits. We find, however, that Appellant waived this issue for appeal when he pled guilty.

{¶15} "In order to establish ineffective assistance of counsel, an appellant must show that counsel's representation was both deficient and prejudicial." *State v. Michael*, 4th Dist. No. 09CA887, 2010-Ohio-5296, at ¶15, citing *In re Sturm,* 4th Dist. No. 05CA35, 2006-Ohio-7101, at ¶77; *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. "Deficient representation means counsel's performance was below an objective standard of reasonableness. To show prejudice, an appellant must show it is reasonably probable that, except for the errors of his counsel, the proceeding's outcome would have been different." (Citations omitted). *Michael* at ¶15. We "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance;

that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *State v. Hankison*, 4th Dist. No. 09CA3326, 2010-Ohio-4617, at ¶105, citing *Strickland*, 466 U.S. at 689 (internal quotation omitted). "'Moreover, the strategic decision of a trial attorney will not form the basis of a claim of ineffective assistance of counsel, even if there may have been a better strategy available.'" Id., citing *State v. Komora* (Apr. 4, 1997), 11th Dist. No. 96-G-1994, citing *State v. Clayton* (1980), 62 Ohio St.2d 45, 49, 402 N.E.2d 1189.

{¶16} In support of his second assignment of error, Appellant relies upon *State v. Jensen*, 4th Dist. No. 07CA21, 2008-Ohio-5228. In *Jensen*, we held that an appellant may establish that he received constitutionally ineffective assistance from counsel if he could prove that a motion to dismiss for a speedy trial violation would have been successful. *Jensen* at ¶10. However, *Jensen* is distinguishable from the present case because the appellant in *Jensen* proceeded to trial and was convicted by a jury of the charges against him. By contrast, in the instant case, Appellant expressly waived his statutory right to a speedy trial, and then pled guilty.

{¶17} "[W]here an accused enters a plea of guilty he waives his right to raise the denial of his right to a speedy trial on appeal." *Montpelier v. Greeno* (1986), 25 Ohio St.3d 170, 170, 495 N.E.2d 581. See, also, *State v. Kelley* (1991), 57 Ohio

St.3d 127, 130, 566 N.E.2d 658 (reaffirming the holding in *Greeno*); *State v. Rogers* (Mar. 23, 1994), 4th Dist. No. 548; *State v. Burgin* (Oct. 15, 1993), 4th Dist. No. 1949; *State v. Floyd* (Oct. 13, 1993), 4th Dist. No. 92CA2102. Moreover, an appellant "'may not * * * raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" *State v. Spates* (1992), 64 Ohio St.3d 269, 595 N.E.2d 351, quoting *Tollett v. Henderson* (1973), 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235. This Court's inquiry "is limited * * * and cannot address issues which were previously waived by the defendant." *Kelley* at 130.

{¶18} "A plea of guilty constitutes a complete admission of guilt * * * and waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary."[2] *Floyd*, citing *State v. Barnett* (1991), 73 Ohio App.3d 244, 248-249, 596 N.E.2d 1101. See, also, *Rogers*; *Burgin*. Other jurisdictions have held the same. See *State v. Miller*, 8th Dist. No. 94790, 2011-Ohio-928, at ¶15-16 (noting that a guilty plea waives not only a defendant's right to challenge his conviction on statutory speedy trial grounds, but also waives a claim of ineffective assistance of counsel based upon speedy trial issues); *State v. Goodwin*, 8th Dist. No. 93249, 2010-Ohio-1210, at ¶10-11; *State v. Harvey*, 3d

---

[2] Appellant does not raise the issue of whether his plea was knowing and voluntary.

Dist. No. 1-09-48, 2010-Ohio-1627, at ¶30; *State v. Mayle*, 5th Dist. No. CA 07-3, 2008-Ohio-286, at ¶39; *State v. Melampy*, 12th Dist. No. CA2007-04-008, 2008-Ohio-5838, at ¶22. But, compare, *State v. Matland*, 7th Dist. No. 09-MA-115, 2010-Ohio-6585, at ¶17 (acknowledging that permitting a defendant to enter a plea after expiration of the speedy trial time would be ineffective assistance of counsel and could affect the knowing and voluntary nature of the plea). Thus, Appellant's guilty plea waived his claim to ineffective assistance of counsel based upon speedy trial issues. As such, we will not address the merit of Appellant's claim and we overrule his second assignment of error.

**JUDGMENT AFFIRMED**.

Kline, J., concurring.

{¶19} I respectfully concur in judgment only.

{¶20} Initially, I believe that McCann has waived the argument under his first assignment of error. Here, McCann entered an *Alford* plea, which "has the same legal effect as a guilty plea." *State v. Schmidt*, Mercer App. No. 10-10-04, 2010-Ohio-4809, at ¶13, citing *State v. Vogelsong*, Hancock App. No. 5-06-60, 2007-Ohio-4935, at ¶15. See, also, *State v. Anderson*, Lake App. No. 2005-L-178, 2006-Ohio-5167, at ¶8. And significantly, "[a] guilty plea waives all appealable orders except for a challenge as to whether the defendant made a knowing, intelligent, and voluntary acceptance of the plea." *State v. Bower*, Scioto App. No.

06CA3058, 2006-Ohio-6472, at ¶20, citing *State v. Spates*, 64 Ohio St.3d 269, 272-73, 1992-Ohio-130. I recognize that "an *Alford* plea places a heightened duty upon the trial court to ensure that the defendant's rights are protected and that entering the plea is a rational decision on the part of the defendant." *State v. Carey*, Union App. No. 14-10-25, 2011-Ohio-1998, at ¶7 (citation omitted). But even under this heightened standard, McCann does not argue that his plea was less than knowing, intelligent, and voluntary. Instead, McCann essentially advances an argument based on the sufficiency of the evidence against him.

{¶21} "A guilty plea waives a defendant's right to challenge sufficiency or manifest weight of the evidence." *State v. Hill*, Cuyahoga App. No. 90513, 2008-Ohio-4857, at ¶6, citing *State v. Siders* (1992), 78 Ohio App.3d 699, 701. And because an *Alford* plea has the same legal effect as a guilty plea, I would find that McCann has waived the sufficiency-of-the-evidence argument under his first assignment of error.

{¶22} As to the second assignment of error, I agree with the reasoning in *State v. Matland*, Mahoning App. No. 09-MA-115, 2010-Ohio-6585. I acknowledge that, according to the Supreme Court of Ohio, "a guilty plea waives a defendant's right to raise the statutory right to a speedy trial on appeal." *Village of Montpelier v. Greeno* (1986), 25 Ohio St.3d 170, 172. But in a footnote, the court also noted that "[a] more colorable claim would be made if issues of *ineffective*

*counsel*, involuntary plea, coercive plea bargain, etc. were present." Id. at 172, fn. 5 (emphasis added). Therefore, I agree that "allowing a defendant to enter a guilty plea after speedy trial time had expired would amount to ineffective assistance of counsel, and thus, could affect the knowing and voluntary nature of the plea." *Matland* at ¶17 (internal quotation omitted). See, also, *State v. Gray*, Montgomery App. No. 20980, 2007-Ohio-4549, at ¶21. Nevertheless, because his speedy-trial rights were not violated, McCann's ineffective-assistance-of-counsel claim must fail.

{¶23} Accordingly, I respectfully concur in judgment only.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Exceptions.

Abele, J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment Only with Opinion.

For the Court,


BY:  _____
Matthew W. McFarland, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**