[Cite as *State v. Ogle*, 2014-Ohio-2251.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case Nos.  13CA18 |
| | : | |
| vs. | : | |
| | : | <u>DECISION AND JUDGMENT</u> |
| MELANIE A. OGLE, | : | <u>ENTRY</u> |
| | : | |
| Defendant-Appellant. | : | **Released: 05/21/14** |

_____

<u>APPEARANCES:</u>

Melanie A. Ogle, Rockbridge, Ohio, Pro Se Appellant.

Laina Fetherolf, Hocking County Prosecutor, and William L. Archer, Jr., Assistant Hocking County Prosecutor, Logan, Ohio, for Appellee.

_____

McFarland, J.

{¶1} Defendant-Appellant Melanie Ogle appeals the August 14, 2013 judgment entry of the Hocking County Common Pleas Court denying her Motion to Withdraw Alford Plea and Set Aside Judgment Entry of Sentence and Dismiss Indictment.  Appellant sets forth two related assignments of error.  However, having reviewed the record and the pertinent law, we find the trial court did not abuse its discretion by denying Appellant's motion. We therefore overrule Appellant's assignments of error and affirm the judgment of the trial court.

FACTUAL AND PROCEDURAL BACKGROUND

{¶2} In August 2011, Melanie Ogle (hereinafter "Appellant") was convicted by a jury in the Hocking County Court of Common Pleas of assault on a peace officer. Various appeals have followed Appellant's felony conviction. The events serving as a backdrop to Appellant's felony conviction and the instant appeal are set forth in detail in *State v. Ogle,* 4th Dist. Hocking Nos. 11CA29,11CA32, 12CA2, 12 CA11,12CA12, 12CA19, 2013-Ohio-3420. Pursuant to the assault conviction, Appellant was sentenced to six months in a county jail, a fine, and restitution.

{¶3} Appellant was also required to wear an ankle monitor as part of her sentence on the assault conviction. Appellant executed a contract with Greco's Electronic Monitoring Service for ankle monitoring equipment and service. On or about November 25, 2011, Appellant submerged the ankle monitor in water causing irreparable damage to the equipment. Appellant was subsequently indicted on February 24, 2012, of one count of vandalism of the ankle monitor in violation of R.C. 2909.05(B)(1)(b), a felony of the fifth degree.

{¶4} Appellant was arraigned and pleaded not guilty to the indictment. Discovery ensued. Appellant and her counsel filed various pretrial motions. The case was set for change of plea on May 11, 2012. On

that date, Appellant entered an "Alford Plea" to a reduced charge of criminal damaging, a violation of R.C. 2909.06(A)(1) and a second-degree misdemeanor. Appellant executed a waiver which advised her that by entering the Alford Plea, she was waiving substantial constitutional, statutory, and procedural rights. The trial court accepted the plea, found Appellant guilty, and sentenced her to thirty (30) days in jail, all suspended. She was also placed on non-reporting probation for eighteen (18) months, ordered to make restitution of $1,300.00, and ordered to pay court costs. On May 25, 2012, the trial court filed a nunc pro tunc entry of sentence.

{¶5} On June 13, 2012, Appellant filed a Notice of Appeal in the vandalism case, 12CR00038. The appellate case was 12CA12 and it was later consolidated with several other pending appeals filed by Appellant.[1] On July 3, 2012, Appellant filed a "Motion to Set Aside Judgment Entry of Sentence and Indictment."[2] On July 26, 2013, this court entered its decision, affirming the trial court on the consolidated appeals in *State v. Ogle,* 4th Dist. Hocking Nos. 11CA29, 11CA32, 12CA2, 12CA11, 12CA12, 12CA19, 2013-Ohio-3420.

{¶6} On August 5, 2013, Appellant filed a "Motion to Withdraw Alford Plea and Renewed Motion to Set Aside Judgment Entry of Sentence

---

[1] The cases were consolidated by Magistrate's Order filed February 27, 2013.
[2] This motion was overruled, along with several other pending motions, by judgment entry dated August 22, 2013.

and Dismiss Indictment."  On August 14, 2013, the trial court overruled

Appellant's motion, finding that all issues raised by her had been or could

have been raised and decided in her previous appeal.  This appeal followed.

### ASSIGNMENTS OF ERROR

I.  THE TRIAL COURT ERRED TO THE PREJUDICE
OF DEFENDANT-APPELLANT AND AS A MATTER
OF LAW IN OVERRULING HER MOTION TO
WITHDRAW ALFORD PLEA AND SET ASIDE
JUDGMENT ENTRY OF SENTENCE AND DISMISS
INDICTMENT.

II. THE TRIAL COURT ERRED TO THE PREJUDICE
OF DEFENDANT-APPELLANT AND AS A MATTER
OF LAW IN FINDING THAT ALL ISSUES RAISED
IN DEFENDANT-APPELLANT'S MOTION TO
WITHDRAW ALFORD PLEA AND SET ASIDE
JUDGMENT ENTRY OF SENTENCE AND DISMISS
INDICTMENT HAVE BEEN OR COULD HAVE
BEEN RAISED AND DECIDED IN THE DIRECT
APPEAL.

### A.  STANDARD OF REVIEW

{¶7}  "[T]he decision to accept or refuse a guilty plea is within the

sound discretion of the trial court."  *State v. McCann,* 4th Dist. Lawrence

No. 10CA12, 2011-Ohio-3339, ¶8, quoting *State v. Byrd,* 4th Dist. Athens

No. 07CA229, 2008-Ohio-3909, at ¶4, citing *State v. Bronaka,* 11th Dist.

Lake No. 2007-L-095, 2008-Ohio-1334, at ¶ 20, *Cleveland v. Curtis,* 8th

Dist. Cuyahoga No. 89843, 2007-Ohio-5961, at ¶ 6.  "As such, we will not

overrule a trial court's judgment absent an abuse of discretion." *McCann,*

*supra,* quoting *Byrd, supra,* at ¶4. "'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.'" (Citations omitted.) *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). "Under this highly deferential standard of review, we may not simply substitute our judgment for that of the trial court." *McCann, supra,* quoting *Woody v. Woody,* 4th Dist. Athens No. 09CA34, 2010-Ohio-6049, at ¶35, citing *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991). "Rather, we are limited to determining whether considering the totality of the circumstance, the trial court acted unreasonably, arbitrarily, or unconscionably." *McCann, supra,* quoting *Woody*, at ¶35, citing *Briganti v. Briganti,* 9 Ohio St.3d 220, 222, 459 N.E.2d 896 (1984), citing *Blakemore,* 5 Ohio St.3d at 218-220.

{¶8} Crim.R. 32.1 governs the withdrawal of pleas, stating as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." *State v. Congrove,* 5th Dist. Delaware No. 09CA090080, 2010-Ohio-2933,

¶30, quoting *State v. Copeland-Jackson,* 5th Dist. Ashland No. 02COA018, 2003-Ohio-1043, ¶6. The standard upon which the trial court is to review a request for a change of plea after sentence is whether there is a need to correct a manifest injustice. *Congrove, supra.* The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. *Id.; State v. Rockwell,* 5th Dist. Stark No. 2008CA00009, 2008-Ohio-2162, ¶40, citing *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1234 (1977), paragraph one of the syllabus. A manifest injustice has been defined as a "clear or openly unjust act." *Congrove, supra,* quoting *State ex rel. Schneider v. Kreiner,* 83 Ohio St.3d 203, 208, 699 N.E.2d 2983 (1998).

{¶9} Our review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *Congrove, supra* at ¶32, citing *State v. Caraballo,* 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Congrove*, *supra,* quoting *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324, (1977), paragraph two of the syllabus.

## B. LEGAL ANALYSIS

### 1. The Trial Court Erred to the Prejudice of Defendant-Appellant and as a Matter of Law in Overruling Her Motion to Withdraw Alford

Plea and Set Aside Judgment Entry of Sentence and Dismiss
Indictment.

II.  The Trial Court Erred to the Prejudice of Defendant-Appellant and
as a Matter of Law in Finding that All Issues Raised in Defendant-
Appellant's Motion to Withdraw Alford Plea and Set Aside Judgment
Entry of Sentence and Dismiss Indictment Have Been or Could Have
Been Raised and Decided in the Direct Appeal.

{¶10}  We consider Appellant's assignments of error jointly.

Appellant essentially argues at the May 11, 2012 plea hearing, her attorney

was incompetent, the prosecutor deceived her, and as a result, she was

caused to have an erroneous understanding of her appeal rights.  Appellant

contends she entered the Alford Plea with the understanding she did not

waive her appellate rights and therefore, her plea was not knowing,

intelligent, and voluntary.  She asserts she told her attorney that waiving her

right to appeal was a "deal-breaker." Appellee responds that Appellant is

attempting to "rehash" issues already decided by this court and the trial

court.  Appellee further points out, what we previously found in *State v.*

*Ogle, supra*, at ¶93, that there was a factual basis for Appellant's Alford Plea

and, therefore, the trial court did not abuse its discretion in accepting her

plea.

{¶11}  We construe Appellant's motion pursuant to Crim.R. 32.1.  We

find the trial court had discretion to deny Appellant's motion.  In *State v.*

*Sterling,* 11th Dist. Ashtabula No. 99-A-0056, 2000 WL 777862, the trial

court had the discretion to deny appellant's July 7, 1999 motion to withdraw an Alford Plea on the grounds of res judicata. There, the appellate court noted the defendant had filed a " Petition to Vacate or Set Aside Sentence" on September 11, 1996, in which he raised the same arguments he raised in a motion to withdraw guilty plea. The trial court had previously overruled the "petition" determining that the record refuted defendant's claim of ineffective assistance. The appellate court held "Appellant may not relitigate issues that have already been decided." *Sterling, supra* at *1, citing *State v. Szefcyk,* 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus.

{¶12} Here, Appellant does not raise the exact same issues as she did in the consolidated appeal. In the prior consolidated appeal, Appellant contended: (1) the trial court erred in accepting her plea when there was no evidence the alleged victim did not consent to her actions; and (2) the trial court abused its discretion when it failed to conduct an evidentiary hearing pursuant to Crim.R. 32.1. However, we did make a finding the trial court did not abuse its discretion in accepting her plea. We observed:

> "By entering a plea agreement, Appellant effectively waived her right to appeal, except as to issues of knowledge and voluntariness of the plea. Notably, herein the record herein reveals Appellant's age, experience, background, and education, and along with the transcript, supports an interpretation that Appellant's plea was intelligent and voluntary." *Ogle, supra,* at ¶¶88-93.

{¶13} We further observe the court engaged in discussion with

Appellant about the specific Alford requirements, the plea arrangement, the

allegations against Appellant, her constitutional rights, Appellant's

satisfaction with her legal counsel, and the penalties involved for the lesser

charge to which she was pleading. The underlying facts of the case were

recited and neither Appellant nor her counsel made any objection or

comment. This court further found:

> "Appellant entered her plea pursuant to a negotiated agreement.
> As such, Appellant essentially waived any arguments regarding
> her Alford plea, but for knowledge and voluntariness. We note,
> however, the State read the factual basis into the record and
> Appellant did not object to the recitation of facts. Appellant
> was questioned at length as to her understanding of the plea, her
> constitutional rights, and the process. Specifically she was
> asked if she had discussed any defenses with her counsel. She
> was also asked about her reasons for entering the plea. The trial
> court also asked numerous questions which indicated her
> knowledge and voluntariness. We find the trial court did not
> abuse its discretion in accepting her plea and overrule this
> assignment of error." *Ogle, supra,* at ¶93.

{¶14} As to Appellant's second assignment of error in her previous

consolidated appeal, we noted a trial court need only conduct an evidentiary

hearing where the facts, as alleged by the defendant, would indicate a

manifest injustice would occur by allowing a plea to stand.[3] We further

noted a hearing is not required if a defendant's allegations are "conclusively

---

[3] Appellant had not requested an evidentiary hearing.

and irrefutably contradicted by the record." *Ogle, supra,* at ¶97, quoting

*State v. Moore,* 4th Dist. Pike No. 01CA674, 2002-Ohio-5748, at ¶17.  We

concluded no manifest injustice occurred by allowing her plea to stand and,

therefore, the trial court did not abuse its discretion by failing to conduct an

evidentiary hearing.

{¶15}  Appellant now claims she was unaware she was waiving

appeal rights, her plea was not knowing and voluntary, and the first notice

she had of this was in our decision in the consolidated appeal. Her

arguments, however, are not persuasive.  Appellant has had her day in court.

{¶16}  We recently discussed the doctrines of res judicata and law of

the case in *Quality Car & Truck Leasing, Inc., v. Pertuset,* 4th Dist. Scioto

No. 13CA3565, 2014-Ohio-1291.  There, we held because this Court had

already affirmed the trial court's grant of judgment on the pleadings in favor

of Appellees, and because Appellant's current argument could and should

have been raised as part of the direct appeal, Appellants' arguments were

barred.  We discussed the "law of the case" doctrine which provides: " * * *

that the decision of a reviewing court in a case remains the law of that case

on the legal questions involved for all subsequent proceedings in the case at

both the trial and reviewing levels." (internal citations omitted.) *Nolan v.

Nolan,* 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984).

{¶17} We also cited *State ex rel. Petro v. Marshall,* 4th Dist. Scioto No. 05CA3004, 2006-Ohio-5357 at ¶27, wherein this Court reasoned: "[O]nce a party undertakes an appeal and absent a remand, the trial court is divested of jurisdiction to take any action that is inconsistent with the appellate court's exercise of jurisdiction. *Post v. Post,* 66 Ohio App.3d 765, 769, 586 N.E.2d 185 (2nd Dist.1990); *State ex rel. Special Prosecutors* [*v. Judges,* 55 Ohio St.2d 94,], 97, 378 N.E.2d 162, [(1978)]."

{¶18} The *Special Prosecutors* case actually involved a trial court's subsequent grant of a motion to withdraw a guilty plea when the defendant "lost the appeal of a conviction based upon the guilty plea." Id. at 28. The Supreme Court of Ohio reasoned: "[A]llowing the trial court to consider a Crim.R. 32.1 motion to withdraw a guilty plea subsequent to an appeal and affirmance by the appellate court 'would affect the decision of the reviewing court, which is not within the power of the trial court to do.'" *Id.* at ¶29, quoting *Special Prosecutors* at 97-98.

{¶19} Based on the case law set forth above, we find the trial court did not err or abuse its discretion by overruling Appellant's Motion to Withdraw Alford Plea and Set Aside Judgment Entry of Sentence and Dismiss Indictment. This court had already affirmed the trial court's judgment accepting Appellant's Alford Plea. Appellant's additional

arguments regarding her Alford Plea should have been made in her consolidated appeal. Appellant's assignments of error have no merit and are hereby overruled.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Harsha, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**